WALTER HOLM & COMPANY et al.,
Plaintiffs,

v.

Clifford M. HARDIN et al., Defendants.

Civ. A. No. 1324–70.

United States District Court,
District of Columbia.

Oct. 22, 1970.

As Amended Nov. 2, 1970.

Robert E. Herzstein, Arnold & Porter, Washington, D. C., for plaintiffs.

Robert S. Rankin, Jr., Asst. U. S. Atty., Washington, D. C., for defendants.

## OPINION

SIRICA, District Judge.

This action for declaratory and injunctive and other relief from certain orders and regulations issued by the Secretary and by the Director, Fruit and Vegetable Division, of the Department of Agriculture, is before the court on cross-motions for summary judgment and the alternative motion of defendants for dismissal for failure to state a claim.

Plaintiffs, who are engaged in importing perishable agricultural commodities, including tomatoes, from Mexico into the United States, filed this action in May of 1970, seeking a temporary restraining order restraining defendants from enforcing certain amended regulations issued by the Secretary effective April 27, 1970, which placed restrictions on tomatoes which could be shipped from Florida or imported from foreign countries, including Mexico. Plaintiffs also requested a preliminary injunction and, after a hearing on the merits, a declaratory judgment declaring the illegality of defendants' activities and of the regulations issued by the defendants. Finally plaintiffs requested a permanent injunction restraining defendants from enforcing these regulations or issuing any further order pursuant to 7 U.S.C. § 608e–1, or otherwise enforcing or executing that statute. Plaintiffs allege that the provisions of 7 U.S.C. §§ 608c and 608e–1 deny them due process in violation of the Fifth Amendment. The pertinent facts may be summarized as follows:

In 1955, under the provisions of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. § 601 *et seq.*, the Secretary of Agriculture issued the Florida Tomato Marketing Order, 7 C.F.R. Part 966, to regulate the handling of tomatoes grown in specified counties in Florida. Pursuant to his authority under 7 U.S.C. § 608c(7)(C) and in accordance with the Order, the Secretary established the "Florida Tomato Committee" which consists of 12 Florida tomato producers who serve for one year terms. One of the Committee's duties is to recommend marketing regulations to the Secretary who, under the Order, may issue regulations which place grade, size and quality restrictions on the handling of tomatoes. Whenever such restrictions under the Florida Marketing Order are placed upon the handling of tomatoes grown in the Florida production area, the same restrictions are applied under 7 U.S.C. § 608e–1 to tomatoes imported into the United States. Pursuant to this authority under the Marketing Order, the Secretary issued two regulations, 35 Fed. Reg. 3259–60 and 3260–61, effective April 27, 1970, which placed certain restrictions on the size of tomatoes handled in Florida and imposed the same restrictions on imported tomatoes.

■ Plaintiffs complain of these two regulations and contend that the statutory requirement of notice and hearing are not only applicable to the issuance of a marketing order under § 608c of the 1937 Act but are also applicable to the issuance of regulations pursuant to the terms of the marketing order. Defendants claim that rulemaking procedures of the Administrative Procedure Act (5 U.S.C. § 553) apply to regulations issued pursuant to the terms of a marketing order and that there is no requirement for notice and hearing in such a rulemaking situation.

■ Plaintiffs also contend that their due process rights were violated because § 608e–1 does not provide for notice and hearing prior to the imposition of the same restrictions upon imported commodities as apply to domestic commodities pursuant to a marketing order. Defendants answer that the § 608c marketing orders and procedures were authorized by Congress under its interstate commerce powers in the Constitution, whereas the § 608e–1 mandatory import restrictions were authorized by Congress under its foreign commerce powers. Since Congress has the power to regulate or even exclude imports completely, it was within such plenary power of Congress to make the application of § 608e–1

automatic and mandatory and without a provision for notice and hearing.

■ Finally, plaintiffs contend that since the Florida Tomato Committee is made up exclusively of Florida tomato producers, the plaintiffs are denied essential procedural safeguards by this unlawful delegation and are discriminated against in recommendations made to the Secretary. Defendants' position is that the motivation behind the recommendations of the Florida Committee is of no consequence and immaterial since the Secretary alone can issue regulations and the Committee has only the power to recommend them. Furthermore, Congress has the power to establish different procedures with respect to domestic regulations and import restrictions, and Congress has determined that whatever domestic regulations are reasonable and necessary under the marketing order to effectuate the declared policy of the Agricultural Marketing Agreement Act of 1937, the same shall also be applicable to imports under 608e–1. The theory is that unless imports are similarly controlled, the intent and purpose of the domestic regulations would be defeated, and by applying the same regulations to both domestic and imported commodities, both are accorded equitable treatment. Since the majority of tomatoes shipped from Florida are "mature green" and the majority of tomatoes imported from Mexico are "vine ripe", the plaintiffs claim that the large size requirement applicable to "vine ripes" tends to discriminate against the imports of Mexican tomatoes. With respect to these charges of discrimination, defendants answer that a single size requirement would tend to result in unequal withholdings as between the Florida growers of "mature greens" and "vine ripes", and the larger size applicable to the latter assures that producers of each of these tomatoes will withhold from shipment approximately the same percentage of tomatoes. This Court agrees with the defendants in their position on the merits of these various claims.

The plaintiffs' application for a temporary restraining order was heard on May 1, 1970, and denied by this Court for failure to demonstrate a likelihood that plaintiffs would prevail on the merits. On May 19, 1970, the Court likewise denied plaintiffs' motion for designation of a three-judge court in that it appeared to the Court that plaintiffs' constitutional attack upon 7 U.S.C. §§ 608c and 608e–1 was so insubstantial as to not require the convening of a three-judge court. That denial was appealed to the United States Court of Appeals for the District of Columbia and the appeal was dismissed. On June 2, 1970, plaintiffs filed an amended complaint with additional allegations but requesting the same relief; defendants' answer to the amended complaint was filed on August 3, 1970.

■ We come now to the present cross-motions for summary judgment and defendants' motion for dismissal. The Court has considered the oral and written arguments of counsel, as outlined in the preceding summary, as well as their authorities, and has concluded that there are not material issues of fact, that the statutes involved are constitutional, and that the Secretary of Agriculture was legally empowered to act as he did in issuing the contested regulations.

Accordingly, for the above reasons, the plaintiffs' motion for summary judgment and the defendants' motion for dismissal are denied, and the defendants' motion for summary judgment is granted. Defendants' counsel will submit an appropriate order.